**James LI, Plaintiff—Appellant.**

v.

**COUNTY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 05–55967.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted April 6, 2006.*

Decided Aug. 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James Li, Buena Park, CA, pro se.

Calvin House, Esq., Gutierrez, Preciado and House, LLP, Pasadena, CA, for Defendants–Appellees.

Before: SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

## MEMORANDUM **

In July 2000, Plaintiff James Li, an Asian–American, applied for the entry-level Deputy Public Defender I ("DPD I") position with the Los Angeles County Office of the Public Defender. Li took a Civil Service Examination ("CSE") in conjunction with his application, but was ultimately not hired for the position. Li subsequently sued the County of Los Angeles and his CSE examiners (the "Defendants") under 42 U.S.C. §§ 1983 and 1985(3) alleging race discrimination in hiring in violation of the Fourteenth Amendment, and retaliation in violation of the First Amendment. The District Court granted summary judgment in favor of the Defendants on all counts. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

A district court's grant of summary judgment is reviewed de novo. *Walker v. City of Lakewood*, 272 F.3d 1114, 1122 (9th Cir.2001). We view the evidence in the light most favorable to the nonmoving party in determining whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000).

## I.

Li's first claim is that the Defendants engaged in intentional discrimination in violation of the Fourteenth Amendment in rejecting him for the position of DPD I. Absent direct evidence of discriminatory intent, a plaintiff may establish a prima facie case of intentional discrimination by meeting the four prongs of the *McDonnell Douglas* test. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[1] Once the plaintiff establishes a prima facie case, a rebuttable presumption shifts the burden of production to the employer to articulate some legitimate, non-discriminatory reason for its decision. *Id.* The burden then shifts back to the plaintiff to prove that the employer's stated reason is merely pretextual. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). To show pretext, the plaintiff must do more than restate the prima facie case—he "must produce specific facts either directly evidencing a discriminatory motive or showing that the employer's explanation is not credible." *Lindahl v. Air France*, 930 F.2d 1434, 1438 (9th Cir.1991).

■■■ Here, the Defendants have met their burden of articulating a legitimate, non-discriminatory reason for their decision not to hire Li—Li's low score on the CSE disqualified him under Civil Service Rules from being considered for the DPDI position. The burden now shifts back to Li to produce specific evidence of pretext, which Li fails to do. First, Li cites statements allegedly made by one of his examiners to the effect that "executive management takes race and ethnicity into consideration as a factor" in hiring. Granting all inferences in favor of Li, these statements do not indicate that the Defendants were racially biased against him. At best, these statements constitute "stray remarks" insufficient to raise a triable issue of material fact. *See Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438–39 (9th Cir.1990).

■■■ Li also attempts to show pretext by claiming that the CSE itself was discriminatorily administered. Li cites the late substitution of an examiner onto his interview panel, and the fact that he was not asked general questions regarding his background, as evidence of the Defendants' discriminatory intent. However, the record reflects that it is standard practice to substitute panelists when one of the original examiners becomes unavailable, and that posing general background questions is neither a required, nor a necessary, component of the CSE. Rather, it seems CSE examiners are permitted to assess an applicant's qualifications by examining the applicant's resume and by posing hypothetical problems. In Li's

---

**1.** Under *McDonnell Douglas*, the plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for the position, (3) he was rejected despite his qualifications, and (4) other equally or less qualified members who were not of the protected class were hired. Though this test is most

frequently invoked to assess claims of intentional discrimination brought under Title VII of the Civil Rights Act of 1964, it is equally applicable to claims of intentional discrimination brought pursuant to the Fourteenth Amendment. *See Lowe v. City of Monrovia*, 775 F.2d 998, 1010–11 (9th Cir.1985).

case, his resume was properly submitted to the Defendants and he was asked hypotheticals just the same as other applicants. In short, Li's allegation that his CSE was improperly administered is unsupported by the record, and as such fails to constitute evidence of pretext.

■ Finally, Li argues that hiring policies that pre-dated his interview by four to six years constitute relevant evidence of the discriminatory nature of Defendants' decision not to hire Li in July 2000. The record, however, reflects that the policies Li cites ceased being operative long before Li's interview in 2000. These historic policies therefore fail to raise a triable issue of fact regarding whether the Defendants' 2000 decision not to hire Li is merely pretextual. We therefore uphold the District Court's grant of summary judgment.

## II.

■ Li's second claim is that the Defendants' decision not to hire him was in retaliation for the prepared statement he delivered at the beginning of his examination, and for previous lawsuits that he filed against the Defendants. In order to establish a prima facie case of retaliation, an employee must show that (1) he engaged in protected speech; (2) the defendants took an "adverse employment action" against him; and (3) the speech was a "substantial or motivating factor for the adverse employment action." *Thomas v. City of Beaverton,* 379 F.3d 802, 808 (9th Cir.2004). While Li meets the first two prongs of this test,[2] he fails to set forth specific evidence of a causal connection between his exercise of free speech and the Defendants' decision not to hire him.

In determining whether the plaintiff's speech was a substantial or motivating factor for the adverse employment action, courts examine three principal factors: (1) proximity in time between the protected speech and the alleged retaliation; (2) the employer's expressed opposition to the speech; and (3) other evidence that the reasons proffered by the employer for the adverse employment action were false and pretextual. *Keyser v. Sacramento Unified School Dist.,* 265 F.3d 741, 751–52 (9th Cir.2001). Applying these factors to Li's case, we conclude that Li has failed to raise a triable issue as to whether his prepared statement, or his prior lawsuits against the Defendants, were a substantial or motivating factor in the Defendants' decision not to hire him.

For the reasons discussed in the previous section, Li has failed to rebut the Defendants' exceedingly persuasive justification for their decision not to hire him. Li's inability to at least partially sever the causal connection between his inadequate performance on the CSE and the Defendants' subsequent decision not to hire him is fatal to his attempt to show that his prepared statement or previous suits were the actual "substantial or motivating factor" in the Defendants' adverse employment decision.

For the foregoing reasons, the District Court's grant of summary judgment is **AFFIRMED.**

2. Li's prepared statement and lawsuits concerned claims of racial discrimination, which are matters of public concern and therefore protected speech. *See Thomas,* 379 F.3d at 808–09; *Connick v. Myers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Because Li was not hired for the position of DPD I, he also satisfies the second prong of the test—showing that he "suffered a loss of any governmental benefit or privilege." *Ulrich v. City of San Francisco,* 308 F.3d 968, 977 (9th Cir.2002).